IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 2:15cv26-WKW-TFM |
| v. | ) | |
| | ) | |
| STATE OF ALABAMA HOME | ) | |
| BUILDERS LICENSURE BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Plaintiff Steven Clayton Thomason ("Thomason" or "Plaintiff") filed an Amended Complaint on December 22, 2014, in the Circuit Court of Montgomery County.  Thomason asserts numerous federal constitutional claims and state law claims against the State of Alabama Home Builders Licensure Board relating to his application to work as a licensed home builder.  He seeks injunctive relief and damages in the amount of $74,999.00.

On January 13, 2015, the defendant removed the action from the Montgomery County Circuit Court to the United States Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441 and 1446, alleging that this court has jurisdiction over the case pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

Thomason filed a Motion to Remand on January 23, 2015 (Doc. 4) and a Second Motion to Remand on February 2, 2015 (Doc. 7), asserting that this action should be remanded to the Montgomery County Circuit Court because he intended to assert only state

law claims and/or plans to remove any federal claims from the Amended Complaint.

## II. STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States, *see Kokkonen*, 511 U.S. at 377, and are required to inquire into their jurisdiction at the earliest possible point in the proceeding.  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).  In addition, FED R. CIV. P. 12(h)(3) requires that "[w]herever it appears . . . that the court lacks jurisdiction, the court shall dismiss the action."

## DISCUSSION

Thomason asserts that this case should be remanded to the  Montgomery County Circuit Court because he intended to assert only state law claims and will remove all federal claims from the Amended Complaint.[1]

Title 28 U.S.C. § 1331[2] provides that a district court "shall have original jurisdiction

---

[1] To the extent Thomason asserts that the fact that he alleged federal claims does not deprive the state court of its jurisdiction, he is correct.  In *Maine v. Thiboutot*, 448 U.S. 1, 3 n. 1 (1980), the Court  recognized that federal courts do not have exclusive jurisdiction to adjudicate section 1983 claims, since state courts have concurrent jurisdiction.  However, the fact that a state court *may* adjudicate a § 1983 claim for relief does not deprive a federal court of its jurisdiction.

[2] Section 1983 is not a grant of jurisdiction; rather, § 1983 creates a private right of action for violations of federal constitutional or statutory rights.  A person who has been deprived, "under color of any statute, ordinance, regulation, custom, or usage, of any State" of "rights, privileges, or immunities secured by the Constitution and laws," may sue the person who has "subject[ed], or cause[d him] to be subjected" to

of all civil actions arising under the Constitution, laws, or treaties of the United States."  To determine whether the court has federal question jurisdiction in this action, the court must look to the "well-pleaded complaint" rule.  Under this doctrine, a "case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Whitt v. Sherman Intern. Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). "The existence of federal jurisdiction is tested at the time of removal." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008).

Thomason asserts that removal from the Montgomery County Circuit Court is improper because he intends to remove all of the federal claims from the Amended Complaint.  Doc. 4, p. 5.  However, subsequently amending the complaint to remove the federal claims has no effect on the proceedings in this court.  While this court may grant Thomason leave to amend his Amended Complaint to strike and/or remove the federal claims, the court "must determine whether it had subject matter jurisdiction at the time of removal.  That is, events occurring after removal . . . do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287, 1290-91 (11th Cir. 2000).

---

that deprivation. 42 U.S.C. § 1983. Congress authorized federal courts to hear section 1983 suits in section 1343(a)(3), which gives the federal courts jurisdiction over "any civil action authorized by law to be commenced by any person" to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege, or immunity secured by the Constitution."  The federal courts also may have jurisdiction over section 1983 claims under 28 U.S.C. § 1331, which gives them jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."

Cases removed from state to federal court under 28 U.S.C. § 1447(c) are treated differently. In those cases, the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction. Later changes to the pleadings do not impact the court's exercise of supplemental jurisdiction. *See Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287 (11th Cir. 2000) (holding that the district court erred in not determining whether the amount in controversy necessary to create diversity jurisdiction was met at the time of removal); *Behlen v. Merrill Lynch, Phoenix Inv. Partners, Ltd.*, 311 F.3d 1087 (11th Cir. 2002) (extending *Poore* and holding that the district court must determine whether a federal question exists at the time of removal using the original complaint rather than after removal under an amended complaint that dropped the federal claim.) The Supreme Court noted that "removal cases raise forum-manipulation concerns that simply do not exist when it is the plaintiff who chooses a federal forum and then pleads away jurisdiction through amendment." *Rockwell Int't Corp*. [*v. United States*, 549 U.S. 457,] 127 S.Ct. [1397,] 1409 n.6.

*Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007).

Plainly, the Amended Complaint asserts federal claims. Thomason asserts that the State of Alabama Home Builders Licensure Board's governing statute, Ala. Code 1975 § 34-14A-1, *et seq*., violates the United States Constitution, and that the Board's actions in delaying and/or refusing to approve his application for a permit violated the Supremacy Clause, the Due Process Clause, and the Equal Protection Clause of the United States Constitution, as well as 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The plaintiffs' attempt to divest the court of jurisdiction by amending the complaint to remove these federal claims does not strip the court of jurisdiction.

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). In the absence of diversity of citizenship, it is necessary for the

court to determine whether there exists a substantial question of federal law sufficient to confer jurisdiction on the court. *Wyke v. Polk Co. Sch. Bd.*, 129 F.3d 560, 566 (11th Cir. 1997) (citing *Hagans v. Lavine*, 415 U.S. 528, 537 (1974)). In this case, it is clear that Thomason invoked this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 by seeking relief under 42 U.S.C. §§ 1981 and 1983 for violations of the First, Fifth, and Fourteenth Amendments to the United States Constitution. Based on the foregoing, the court concludes that the federal claims as alleged in the complaint create a substantial question of federal law. Consequently, the Motions to Remand should be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Motions to Remand be and are hereby DENIED. Docs. 4 & 7.

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before May 20, 2015. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of May, 2015.

_____/s/Terry F. Moorer_____
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE