IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STEVEN CLAYTON THOMASON, | ) ) ) | |
| Plaintiff, | ) ) ) | CASE NO. 2:15-CV-026-WKW |
| v. | ) ) | |
| STATE OF ALABAMA HOME LICENSURE BOARD, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# **ORDER**

On May 5, 2015, the Magistrate Judge filed a Recommendation (Doc. # 20), to which Plaintiff Steven Clayton Thomason filed a timely Objection (Doc. # 21). After conducting an independent and *de novo* review of those portions of the Recommendation to which objection is made, the Objection (Doc. # 21) is due to be overruled, the Recommendation (Doc. # 20) is due to be adopted, and Mr. Thomason's Motions to Remand (Docs. # 4, 7) are due to be denied.

Mr. Thomason filed suit *pro se* in state court on October 3, 2014. The action, which was initially filed as an "Emergency Petition for a Writ of Mandamus," sought injunctive relief, specifically a court order directing Defendants (1) to supply Mr. Thomason with a license to work as an Alabama home builder and (2) to refrain from prosecuting Mr. Thomason for violations of

Alabama's home builder licensing laws. Approximately six weeks later, Mr. Thomason filed a motion to amend his complaint and requested additional relief in light of alleged civil and criminal violations. Upon receipt of Mr. Thomason's amended complaint, Defendants filed a timely notice of removal.

Mr. Thomason responded to Defendants' notice of removal with two motions to remand. After reviewing Mr. Thomason's motions to remand and Defendants response in opposition, the Magistrate Judge recommended that the motions be denied because the operative complaint invoked this court's subject-matter jurisdiction by seeking relief under 42 U.S.C. §§ 1981 and 1983. On May 20, 2015, Mr. Thomason objected to the Magistrate Judge's Recommendation, arguing that the removed action is not a lawsuit, but a petition for a writ of mandamus. Mr. Thomason also asserts that, while he did intend to bring both federal and state-law claims, he, as Plaintiff, is the appropriate party to choose the forum in which his claims should be heard.

Mr. Thomason is correct that he titled his initial pleading as a petition for writ of mandamus. The substance of this initial filing, as well as his subsequent motions to amend his complaint, however, evidence his intent to pursue a civil lawsuit against Defendants for alleged violations of his federal and state constitutional rights. And while it is true that Mr. Thomason initially sought to litigate his claims in state court, the federal removal statute clearly gives

defendants the right to remove a case to federal court if the defendant "can show, by a preponderance of the evidence, facts supporting jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).  Taking the operative complaint on its face at the time of removal, Defendants properly invoked this court's jurisdiction by showing that Mr. Thomason had pleaded federal-law claims.  Furthermore, once Defendants invoked this court's federal-question jurisdiction, supplemental jurisdiction was extended to encompass Mr. Thomason's state-law claims as they are part of the same case and controversy that gave rise to Mr. Thomason's federal-law claims.  *See* 28 U.S.C. § 1367(a).

 Accordingly, it is ORDERED as follows:

 1. Mr. Steven Clayton Thomason's Objection (Doc. # 21) is OVERRULED.

 2. The Recommendation (Doc. # 20) is ADOPTED.

 3. Mr. Steven Clayton Thomason's Motions to Remand (Docs. # 4, 7) are DENIED.

 4. This case is REFERRED back to the Magistrate Judge for further proceedings in accordance with 28 U.S.C. § 636.

 DONE this 25th day of June, 2015.

        /s/ W. Keith Watkins
        CHIEF UNITED STATES DISTRICT JUDGE