IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-026-WKW |
| ) | [WO] |
| STATE OF ALABAMA HOME ) | |
| BUILDERS LICENSURE BOARD, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Before the court is Plaintiff's "Objection to the Order of the Magistrate Judge Dated May 12th 2016 and Motion for Reconsideration of the Interlocutory Order of August 6th, 2015." (Doc. # 90.)

Plaintiff objects to the Magistrate Judge's May 12, 2016 Order (Doc. # 85) denying his motion (Doc. # 84) for leave to file an amended complaint after the filing deadline had passed. Plaintiff objects to the following portions of the Magistrate Judge's May 12, 2016 Order: (1) the implication that the amended complaint was not filed on time; (2) the finding that he violated the court's prior orders; and (3) the finding that the amended complaint fails to comply with Federal Rule of Civil Procedure 8(a), which requires the complaint to be a "short and plain statement" of the claims asserted and grounds for relief. (Doc. # 90, at 1–3, 5–6.) The court will address these three

objections in turn.[1]   Because the Magistrate Judge's May 12, 2016 Order is nondispositive, the court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Plaintiff first objects "that the Magistrate Judge implies [that the amended complaint] wasn't filed on time." (Doc. # 90, at 1.) This objection is without merit. If the amended complaint had been timely filed, Plaintiff would not have filed his "Motion to Allow the Amended Complaint to be Filed Late." (Doc. # 84.) That motion is the basis for the Order to which Plaintiff objects. Additionally, the reason the Magistrate Judge determined that Plaintiff was not entitled to file his amended complaint late was not simply because it was untimely, but because the amended complaint did not comply with previous orders of the court or the Federal Rules of Civil Procedure. (Doc. # 85; *see* Doc. # 72 (instructing Plaintiff on how to amend his complaint).)

Plaintiff next objects to the Magistrate Judge's finding that he violated the court's prior orders, which expressly limited the defendants and causes of action he would be allowed to include in an amended complaint. (Doc. # 90, at 2–3.) Plaintiff argues that he has discovered new "viable legal theories" not previously rejected by the court that would allow him (1) to add defendants that Magistrate Judge Moorer[2] earlier concluded were immune from suit; and (2) assert causes of action that Judge Moorer

---

[1] To the extent that Plaintiff attempts to make further objections to the Order, the objections are without merit and will not be discussed.

[2] On December 21, 2015, this case was reassigned from United States Magistrate Judge Terry F. Moorer to United States Magistrate Judge Wallace Capel, Jr., as referral judge.

previously concluded were barred by the statute of limitations based on conduct occurring prior to December 22, 2012. (Doc. # 23.)

On the basis of his conclusions regarding immunity and the statute of limitations, Judge Moorer entered an order denying a previous motion to amend to add the immune defendants and assert untimely causes of action. (Doc. # 23.) Plaintiff objected to Judge Moorer's Order, and the undersigned affirmed that Order on August 6, 2015. (Doc. # 39.) Plaintiff only now moves for reconsideration of the August 6, 2015 Order.

Rule 60 of the Federal Rules of Civil Procedure permits a party to seek relief from an order to correct a clerical mistake arising from "oversight or omission" or because of mistake, newly discovered evidence, fraud, misconduct, a void judgment, or satisfaction of a judgment. Fed. R. Civ. P. 60(a)-(b). Plaintiff has not alleged viable grounds for reconsideration of the August 6, 2015 Order. Plaintiff argues that he has discovered "new law and new legal theories."[3] (Doc. # 90 at 1.) He alleges that he is now "resubmitting a different legal argument" that he did not raise earlier in opposition to Judge Moorer's Order. (Doc. # 90 at 3.) The legal authorities Plaintiff cites do not represent "new law" that came into existence only after entry of the August 6, 2015 Order. Newly discovered legal theories are not "newly discovered evidence," and they do not support reconsideration under Rule 60. *See Maradiaga v. United States*, 679 F.3d 1286, 1294 (11th Cir. 2012) (holding that a district court does not abuse its

---

[3] To the extent that Plaintiff raises any arguments that were previously considered, the court finds no basis to grant the motion.

3

discretion in denying a Rule 60(b) motion based on an argument that could have, but was not, previously raised, or when the "order from which the movant seeks relief was entered as a result of the movant's choice to rely on an unsuccessful legal theory").

By written order and in person at a court proceeding, Plaintiff was specifically instructed (Doc. # 72 at 3) that Judge Moorer's Order (Doc. # 23) limited the claims and defendants Plaintiff would be allowed to include in his amended complaint. The January 14, 2016 Order granting Plaintiff's motion to amend expressly prohibited adding the immune defendants and the barred causes of action. (Doc. # 72 at 3.) Therefore, Plaintiff's amended complaint did violate court orders.

Although Plaintiff moved for permission to file his complaint late, he did not move for permission to include claims and defendants that he had been denied leave to amend and specifically instructed not to include in the amended complaint. To the extent that he now objects to the previously ordered restrictions on the scope of his amended complaint, those objections are untimely. Nothing in Plaintiff's complaint or objection demonstrates that the Magistrate Judge erred in determining that the amended complaint was filed in violation of those court-ordered restrictions.[4]

Furthermore, Plaintiff has been given numerous opportunities, complete with specific instructions, to comply with Rule 8(a). Even the portions of the 106-page amended complaint that do not involve immune defendants or untimely claims fail to

---

[4] Plaintiff continues to violate the court's previous orders. (*See* Doc. # 23, at 13 (ordering Plaintiff to seek leave of the court prior to filing a brief over twenty-five pages in length; Doc. # 90 (Plaintiff's sixty-two-page objection).)

comply with Rule 8(a).  Accordingly, the Magistrate Judge did not commit clear error in determining that leave to file the amended complaint should not be granted on grounds that the amended complaint failed to comply with Rule 8(a).  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not . . . allow an amendment . . . where there has been . . . repeated failure to cure deficiencies by amendments previously allowed.").

Accordingly, Plaintiff's objections are without merit, and the Magistrate Judge's Order is not clearly erroneous or contrary to law.

In accordance with the foregoing, it is ORDERED as follows:

(1) Plaintiff's Motion for Reconsideration (Doc. # 90) is DENIED;

(2) Plaintiff's Objection (Doc. # 90) to the Magistrate Judge's Order (Doc. # 85) is OVERRULED;

(3) The Order of the Magistrate Judge (Doc. # 85) is AFFIRMED;

(4) Plaintiff's Motion to Allow the Amended Complaint to be Filed Late (Doc. # 84) is DENIED; and

(5) The case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 20th day of June, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE