IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-26-WKW |
| ) | (WO) |
| STATE OF ALABAMA HOME ) | |
| BUILDERS LICENSURE BOARD, *et* ) | |
| *al.*, ) | |
| ) | |
| Defendants. ) | |

# **ORDER**

Before the court is Plaintiff Steven Clayton Thomason's motion for permission to appeal pursuant to 28 U.S.C. § 1292(b), which the court construes as containing a motion to consolidate. (Doc. # 92.) Also before the court is Plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. # 93.) Having considered the motions, the court concludes that they are due to be denied.

The first item from which Plaintiff seeks an interlocutory appeal is the "no decision" on Plaintiff's motion for an injunction (Doc. # 83) ordering a stay of state court criminal proceedings in Elmore County, Alabama. (Doc. # 92 at 1.) That motion has only recently come under submission for recommendation by the Magistrate Judge, and no ruling has been entered on the motion. Because the district court has not yet ruled on the motion, and because, in any event, no

permission is needed to appeal from a district court's refusal to enter an injunction, 28 U.S.C. § 1292(a)(1), the motion for permission to appeal (Doc. # 92) is due to be denied with respect to this issue.

As to the remaining issues regarding which Plaintiff seeks appellate review, Plaintiff has failed to identify the interlocutory orders of the district judge from which he seeks permission to appeal. To the extent that any interlocutory orders have been entered with respect to any of those issues, the motion for permission to appeal (Doc. # 92) is due to be denied because Plaintiff has failed to make any showing (1) that any of those issues involve a controlling question of law as to which there is substantial ground for difference of opinion or (2) that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292 (setting forth the requirements for permissive interlocutory appeals from interlocutory orders of a district judge).

In addition, to the extent that Plaintiff seeks an order from this court consolidating this case with the criminal case from Elmore County (Doc. # 92 at 3), the motion is due to be denied. Plaintiff removed the criminal case to this court. *State of Alabama v. Steven Clayton Thomason*, Case No. 2:15-cv-327; *State of Alabama v. Steven Clayton Thomason*, Case No. 2:16-cv-417. Both times, the state court criminal case was remanded because the removal was untimely and because Plaintiff did not demonstrate that the removal fell within the narrow

circumstances under which 28 U.S.C. § 1443 allows for removal of a criminal prosecution. Therefore, the state criminal case is not before this court, and consolidation with this action is not possible or permissible. *See* Fed. R. Civ. P. 42(a) (allowing for consolidation of "actions before the court").

The motion for leave to appeal *in forma pauperis* is due to be denied because no appeal will be permitted at this time.

Accordingly, it is ORDERED:

1. Plaintiff's motion for permission to appeal (Doc. # 92) is DENIED.

2. Plaintiff's motion for leave to appeal *in forma pauperis* (Doc. # 93) is DENIED as moot.

3. Plaintiff's motion to consolidate (Doc. # 92) is DENIED.

4. This case is REFERRED back to the Magistrate Judge for further proceedings in accordance 28 U.S.C. § 636

DONE this 20th day of June, 2016.

                                        /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE