IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEVEN CLAYTON THOMASON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: 2:15-cv-026-WKW-WC |
| ) | |
| STATE OF ALABAMA HOME ) | |
| BUILDERS LICENSURE BOARD, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's "Motion for Injunction Under 42 U.S.C. § 1983 Statutory to Enjoin Bad Faith Enforcement of Unconstitutional State Statues [sic] Proceeding Pending in Elmore County" (Doc. 83) and Defendants' Motion to Renew Motions to Dismiss (Doc. 89), in which Defendants seek court leave to renew their previously-filed motions to dismiss (Docs. 10, 18, 35, 37, & 38) various iterations of Plaintiff's complaint.  For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff's motion for injunctive relief be denied, that Defendants' motion to renew their motions to dismiss be granted, that Defendants' renewed motions to dismiss be granted, and that this matter be dismissed.

I. BACKGROUND

This litigation has followed a tortured path before arriving at the point where it presently rests.  Plaintiff, proceeding *pro se*, has submitted at least four different documents intended to serve as his complaint.  More than twenty Defendants, representing a broad

cross section of state and local government officials, prosecutors, judges, and private citizens, have been sued across those four documents.  Three different judges of this court have patiently strived to convey to Plaintiff—in written orders and in at least two different court hearings—that his various complaints do not comply with the Federal Rules of Civil Procedure.  On at least two occasions, Plaintiff has pursued interlocutory appeals of the court's orders in the Court of Appeals, which, both times, found jurisdiction lacking and returned the matter to this court.  There is perhaps no greater indicator of the futility of the court's efforts, and the frustration of its aims, than the fact that, more than two years after the matter was first removed to this court, and more than one hundred distinct docket entries into this case, the court and Defendants still do not have a single, viable complaint that complies with the Federal Rules.  With no reason to believe that Plaintiff is both willing and able to abide the court's orders respecting his complaint, the undersigned is firmly of the conviction that the court should finally bring this litigation to a close.  In order to illustrate why this is so, the undersigned offers the following history of this case and Plaintiff's other related efforts in this court.

   The undersigned has carefully reviewed the parties' filings in this case.  Although the filings are voluminous and the legal arguments of Plaintiff are often difficult to decipher, it appears there is a rather simple factual underpinning to this litigation.  Intending only to set the stage and provide context for today's Recommendation, and meaning no disrespect to Plaintiff's earnest and deeply held beliefs about what has transpired over a period of years, the undersigned offers the following truncated summary of the "facts" relevant to the legal determinations made in this Recommendation.

Plaintiff is a contractor who is engaged in the business of general contracting. As relevant to this litigation, he is hired by homeowners and the like to make repairs and improvements to homes. He does not have a residential homebuilder's license as such is defined and required, subject to certain exemptions, by Alabama law, *see* Ala. Code § 34-14A-1, *et seq.* He has been criminally charged and prosecuted, on multiple occasions, for engaging in unlicensed homebuilding. Plaintiff maintains that he is "grandfathered" into the statute's licensing scheme, such that he is not required to obtain a homebuilder's license to practice his trade in compliance with the law. Nevertheless, he has applied for a homebuilder's license, but his application has not been approved due to one of the ongoing criminal cases charging him with unlicensed homebuilding.

The Honorable Terry F. Moorer, United States Magistrate Judge, first explained how this matter originated, and how it came to this court:

> On October 3, 2014, Thomason filed a pleading in the Montgomery County Circuit Court styled as an "Emergency Petition to this Court for a Writ of Mandamus to the Director of Alabama Homebuilder License Board J.R. Caden, Jr., to Issue a Homebuilder's License and Prohibit Criminal Charges and to Recall the Warrant that was Issued for the Arrest of Clayton Thomason and further enjoin the Board from Any Future Actions Not to Violate Petitioner's Due Process Right," in which he raises several claims and requests declaratory and injunctive relief. Doc. 1, Ex. A. On November 7, 2014, the State of Alabama Home Builders Licensure Board ("the Board") filed a Motion to Dismiss, or in the Alternative, Response to the Petition. Doc. 1. On December 22, 2014, Thomason filed a Motion to Amend Complaint, in which he raised additional claims. Doc. 1-2, Ex. B. The Clerk docketed the submission styled as a "Petition" as a "Complaint" and the "Motion to Amend" as an "Amended Complaint." On January 13, 2015, the case was removed from state court to the United States Court for the Middle District of Alabama.

Doc. 23 at 1-2.  Judge Moorer found that the "Motion to Amend" filed by Plaintiff in the state court was "an Amendment to the [original] Complaint and that the claims set forth in the Amendment are therefore incorporated into the initial Complaint/Petition."  *Id.* at 2.  After removal, Defendants moved to dismiss Plaintiff's complaint on several grounds, asserting various immunity defenses, Plaintiff's failures to comply with certain provisions of the Federal Rules of Civil Procedure, and Plaintiff's failure to state any claim upon which relief could be granted.  *See* Docs. 10 & 18.

Thereafter, on April 15, 2015, Plaintiff filed what the court has construed as a motion for leave to file an amended complaint embedded within the actual proposed amended complaint.  *See* Doc. 19.  Plaintiff himself characterized this document as "repeat[ing] the same counts and defendants from the original complaint while adding new defendants and causes of action for the Gross Malicious Significant Acts and Procedural Developments that have occurred since the original complaint was filed and moved by the Defendants from State Court to Federal Court."  *Id.* at 3.  This document names twenty-three different individuals as Defendants and includes one hundred fifteen (115) pages of allegations and argument, with at least three hundred thirty-eight (338) separately numbered paragraphs, many of which include several separately numbered subparagraphs.  Plaintiff also submitted thirty-six exhibits with this pleading, adding an additional one hundred ninety-one pages (191) to his complaint's already substantial heft.

In addition to its excessive length, Plaintiff's proposed amended complaint of April 15, 2015, is unduly confusing, disjointed, and weighted with extraneous legal argument and labyrinthine cross references.  As such, the proposed amended complaint does not

comply with the "short and plain statement" requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure. By any objective measure, it is the sort of quintessential "shotgun pleading" that the Eleventh Circuit has repeatedly held subject to summary dismissal. To illustrate, the undersigned offers the following examination of the amended complaint filed by Plaintiff on April 15, 2015.

After listing all twenty-three of the individual Defendants Plaintiff purports to sue, the amended complaint gives a brief description of the "counts" Plaintiff intends to allege against Defendants. Doc. 19 at 3-5, ¶¶ 25(a)-(z). Plaintiff then begins the "Preliminary Statements" section of his amended complaint, which spans from pages six through twenty-five of the amended complaint. As best the court can tell, here Plaintiff gives an overview of his legal argument as to why the Alabama laws requiring certain persons to obtain a homebuilder's license are unconstitutional. At various points, he appears to argue that the relevant state laws constitute a restraint on trade and violate the Contracts Clause of the Constitution, the Fair Labor Standards Act, the Fifth Amendment's Takings Clause, federal antitrust laws, and the constitutional guarantee of equal protection. In this section, Plaintiff analogizes the homebuilder's licensing scheme with slavery and Jim Crow, in descriptive and sometimes inflammatory rhetoric,[1] and appears to assert some collusive scheme

---

[1] For example, Plaintiff asserts that the homebuilder's licensing scheme

> is design to corrupt the innocence of the children of the Negro that were once Slaves in this State of Alabama. Lest shall we forget! Dare say that the Negro descendants, are to be examine yet again! As if on the Auction Block? To have our Life Time of Experience in the field of our chosen occupations of Non Structural Trades; to be re-named as a "Homebuilder" by this corrupt and bias "Board" instead of our legal sub-contractors names such as Occupational Painter, sheetrock Installer, Roofer, Tile Layer, Carpenter, Handy Man, Carpet Installer, Vinyl Siding Installer.

5

between the homebuilder's licensure board members and local prosecutors and judges to target and prosecute minorities for practicing unlicensed homebuilding. *See id.* at 15-25. The amended complaint next presents allegations respecting "Jurisdiction and Venue" and includes a lengthy section identifying the "Parties" to the suit. *Id.* at 26-38. Plaintiff next launches into a discussion of why no Defendants are immune from his claims, *id.* at 38-41, before providing another lengthy comparison of his case with African Americans' struggle to obtain civil rights in the Jim Crow South. *See id.* at 41-54. In this section, Plaintiff likens himself to both Rosa Parks and to the Chinese laundry owners in *Yick Wo v. Hopkins*, 118 U.S. 356 (1886). The complaint next appears to argue that the Licensure Board's reliance on applicants' credit histories and verifiable assets in determining whether to issue a license unconstitutionally discriminates against minority applicants. *Id.* at 54-51. Next comes Plaintiff's "Statement of the Case & Clarification of Facts." *Id.* at 61-66. This section appears to describe some of the events precipitating prior instances in which Plaintiff was prosecuted for unlicensed homebuilding, before confusingly referencing federal criminal RICO statutes and perhaps accusing the Montgomery County District Attorney of conspiracy to commit criminal RICO violations. *Id.* at 62-64.

---

> . . . Dare we stand up to the "Board" who would be Massa Now in 2015 and lord it over the Occupations of which they eat the choice Jobs like the Massa's of ole and throw us the scraps of work under 10,000? I say to the "Board" the truth give me Liberty in my Occupation or give me Death in the Competitive Market Place.

Doc. 19 at 15, ¶ 30. *See also id.* at 18, ¶ 31 ("Plaintiff avers what the good ole' boys on the 'Board' have decided is; 'we'll you can't join this club unless you are invited, and we'll you need to have sufficient capital to play at our exclusive club here in Alabama' no more fried chicken at the master homebuilding headquarters.'").

On page sixty-six of the amended complaint, Plaintiff finally begins his "Statement of Facts." However, this section contains anything but the short and plain allegations of fact contemplated by the Federal Rules. Over thirty pages, the "Statement of Facts" section of the amended complaint presents a confusing jumble of factual allegations, unsupportable inferences, conclusory legal arguments, and citations to a panoply of state and federal criminal laws and cases Plaintiff finds relevant to his various arguments. Sometimes specific Defendants are identified as having taken some action Plaintiff deems in violation of some specific provision of law, *see, e.g., id.* at 70, ¶ 136 (alleging Defendant Durham conspired with local District Attorney and Judge to deny Plaintiff a fair trial in state court), while at other times Plaintiff simply alleges that all Defendants have violated some provision of law, *see, e.g., id.* at 75, ¶ 149 ("Plaintiff avers that the Defendants have violated Title 18, United States Code, Section 1001," which criminalizes making false statements on matters within the jurisdiction of the United States Government). In short, Plaintiff's "Statement of Facts" in no way provides plain notice to all Defendants of their alleged illegal conduct.

After the "Statement of Facts," the amended complaint presents short sections titled "Class Action" and "Declaratory and Injunctive Relief" before finally beginning the "Causes of Action" section of the amended complaint. As best the undersigned can tell, the amended complaint includes forty-three different "Counts," with each count apparently premised on some violation of state or federal law or the guarantees provided by the Constitution. *Id.* at 98-113. The individual counts do not include specific supporting factual allegations and, except to the extent that a particular count is alleged against "all

7

Defendants," do not indicate which Defendants are liable for the alleged violation described in each count. Instead, each count includes a brief reference to the law or right Plaintiff believes has been violated, followed by Plaintiff's incorporation by reference of the prior allegations of the complaint, including, in many instances, specific incorporation of up to hundreds of prior paragraphs and sub-paragraphs found in the complaint.[2] The undersigned could scarcely imagine a more confusing manner in which a plaintiff might plead his claims for relief.

With remarkable understatement, in his July 2, 2015, Order, Judge Moorer observed that "[t]he pleadings filed by Plaintiff Steven Clayton Thomason . . . are not a model of clarity." Doc. 23 at 1. Nevertheless, Judge Moorer carefully attempted to parse Plaintiff's proposed amended complaint of April 15, 2015, and delineate where leave to amend should

---

[2] For example, "Count 34," which is typical of Plaintiff's manner of pleading his claims, reads as follows:

> 322. Count 34. <u>Violates Common Law.</u> <u>Common Law</u> is a real thing. It is a real system of laws derived from centuries of work, study and sacrifice of millions of people. It is the <u>Common Law</u> that is most represented within Our <u>Constitution</u>, Declaration of Independence and <u>Our Bill of Rights</u> The foregoing allegations are repeated and incorporated as though fully set forth herein  Plaintiff repeats and re-alleges each and every allegation herein above as if fully set forth herein," so as to reference the facts already pled. This causes of action does contain the legal elements of the claim, and a summary of the underlying facts/arguments supporting this claim against all defendants equally as they all participated in violating this federal law.   240,235,236,237,238, 199, 200, 201, 202,203. 148,176,177, 145,144,142,142a,142b,142c,143,178,179,125-140. Paragraphs 30-65, 28, 29A-Z,30A-H, 31,34,35A-C,36 67,68,69,70A-D,71, 72,72, 74,75,76, 77,78A, 79,80,81, 82, 83, 84C-F,85,86,87,88,89,90,91A-F, 92,95,96,97A-D,98,99,101,102, 103,104, 105, 123,80, 103,104,105,124,125,126,127,128,129,130-142A-C, 144,145, 146, 147,148,

Doc. 19 at 110, ¶ 322.

8

be granted and where it should be denied. Judge Moorer concluded, in pertinent part, that leave to amend should be denied with respect to Plaintiff's allegations that a) "add claims challenging the state court proceedings and judicial decisions;" b) "challenge actions taken against him on or before December 22, 201[2];" c) add as Defendants "Judges Glenn Goggans and Patrick Pinkston;" d) add as Defendants "District Attorneys Joshua Cochran and Sean McTear;" e) and add as Defendants "witnesses Matilda Long, Marvin Daniels, Torrinda Daniels, and Joy Jackson[.]" Doc. 23 at 11-12. However, Judge Moorer also granted leave to amend with respect to Plaintiff's allegations that a) "add State of Alabama Attorney General Luther Strange;" b) "seek[] declaratory or prospective injunctive relief and/or monetary relief in their individual capacities" against Defendants "William R. Deloney, Don Spurlin, Lynn Corder, Randy Cunningham, Ken Kirchier, John T. Manuel, Jack B. Reid, and Ruddy O. Sample;" and c) "attempt to add facts which clarify his previous arguments and/or claims raised in his Complaint and Amendment thereto[.]" *Id.* at 12.

Plaintiff filed a twenty-four page "Objection to Portions" of Judge Moorer's Order. Doc. 28. On August 6, 2015, the District Judge entered an Order (Doc. 39) overruling Plaintiff's objections and affirming Judge Moorer's Order in all respects. In the meantime, Defendants filed several motions to dismiss whatever portions of Plaintiff's various complaint submissions had survived Judge Moorer's Order. *See* Docs. 35, 37, & 38. Proceedings in this court were paused, however, due to Plaintiff's appeal of the District Judge's August 6, 2015, Order. *See* Doc. 41. On October 2, 2015, the Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 48. Thereafter, with the case

9

back in this court, Judge Moorer set a status conference, apparently in hopes of gauging whether it was possible that the parties might be able to reach an amicable resolution of this matter. At the conference, Judge Moorer emphasized that Plaintiff's complaint, even as limited by his own previous order granting and denying leave to amend, was simply too confusing and unwieldy to permit anything more than a summary dismissal of the complaint. *See* 11/2/15 Tr. (Doc. 88) at 3:7-14; *id.* at 9:16-19; *id.* at 22:15-22; and *id.* at 32:17-19. Judge Moorer's proposed solution to this dilemma was a mediation, with himself serving as mediator. The mediation commenced on November 20, 2015, and continued on December 16, 2015, but was not successful. Thereafter, because Judge Moorer had assumed the role of a mediator in the parties' dispute, the matter was reassigned to the undersigned Magistrate Judge, who is now charged with making any "determination or recommendation as may be appropriate." Order (Doc. 68).

Surveying the landscape when the case was reassigned, with Judge Moorer's and the District Judge's orders as guideposts, the undersigned surmised the need for a reset of sorts. The court had an overly lengthy and confusing complaint that was already a nullity in the many respects in which Judge Moorer's and the District Judge's orders denied leave to amend. In addition, there were several pending motions to dismiss either the new or the previous iterations of the complaint. The undersigned set a status conference to devise a path forward. At the conference, the undersigned advised Plaintiff that his complaint was burdened by "excessive baggage" and "does not comport with what is required of a complaint under the rules." 1/14/16 Tr. (Doc. 104) at 3:3-5. The undersigned endeavored

to explain what the Federal Rules require of a well-pleaded complaint, *id.* at 3:6-20, and advised Plaintiff as follows:

> You are to review the orders of Judge Watkins and Judge Moorer and you are to file an amended complaint that comports with the Federal Rules and it comports with those rulings that were made by Judge Moorer and Judge Watkins.
> And you need to understand, sir, you've been given a lot of leeway here in doing these. If you fail to comport with those rules, then their motions—a renewed motion to dismiss would be entertained, because they cannot defend a case that is incomprehensible.

*Id.* at 7:5-14. Plaintiff confirmed his understanding of the court's instructions. *Id.* at 7:14-15. The undersigned next entered an Order (Doc. 72) recapping the court's instructions at the hearing and directing Plaintiff to file his Second Amended Complaint on or before January 29, 2016.

Plaintiff requested and obtained three extensions of his deadline to file the proposed Second Amended Complaint. During this time, he also filed the motion for injunction presently before the court. Finally, on March 22, 2016, Plaintiff filed his "Motion to Allow the Amended Complaint to be Filed Late" (Doc. 84), to which he attached his proposed Second Amended Complaint. *See* Doc. 84-2. In an Order entered on May 12, 2016, the undersigned denied Plaintiff's motion because, after careful and thorough review of the proposed Second Amended Complaint, the undersigned concluded that Plaintiff had failed to "comply with the explicit instructions given Plaintiff in the court's prior Orders." Doc. 85 at 2. In short, the proposed Second Amended Complaint violated the court's previous Orders because, *inter alia*, it a) continued to make allegations, and present time-barred claims, based upon events occurring before December 22, 2012 (*see id.* at 4); b) again

11

attempted to assert federal civil rights causes of action against private citizen "witnesses" whom Judge Moorer had already determined may not be sued by Plaintiff under such theories (*see id.* at 4-5); and c) again attempted sue various state court judges and prosecutors for damages despite Judge Moorer's ruling that those Defendants are immune from such claims (*see id.* at 5). In addition to the foregoing, the undersigned found as follows:

> On top of all of the above failures of Plaintiff to abide by the court's Orders, the proposed Second Amended Complaint remains an overly lengthy, disorganized, impractical, and confusing jumble of repetitious allegations and superfluous legal argument. The court thus finds that it simply does not comply with the court's prior Orders and instructions to Plaintiff, the overwhelming objective of which was to simplify this case by reducing Plaintiff's complaint to a set of clear, concise, and intelligible claims that both comply with Rule 8(a) of the Federal Rules of Civil Procedure and permit defendants to offer a defense. As such, leave to amend Plaintiff's complaint with his proposed Second Amended Complaint is not warranted.

*Id.* at 5-6. Thus, the undersigned denied Plaintiff leave to file the non-compliant Second Amended Complaint late, and instructed Defendants to "renew their previously withdrawn motions to dismiss Plaintiff's complaint[.]" *Id.* at 6. Defendants filed the instant motion to renew their previous motions to dismiss (Doc. 89) on May 27, 2016.

On May 31, 2016, Plaintiff filed his Objection (Doc. 90) to the undersigned's May 12, 2016, Order. A few days later he filed his "Motion for Appeal Under 28 U.S. Code § 1292 – Interlocutory Decisions Collateral Order Doctrine" (Doc. 92) and a motion for leave to proceed *in forma pauperis* on appeal (Doc. 93). On June 20, 2016, the District Judge entered an Order (Doc. 94) overruling Plaintiff's Objections to the undersigned's May 12, 2016, Order, and affirming the Order in all respects. In a separate Order (Doc.

95) entered that same day, the District Judge denied Plaintiff's motion for permission to file an interlocutory appeal. On June 23, 2016, Plaintiff noticed his appeal of the District Judge's Orders. Doc. 97. On September 28, 2016, the Court of Appeals dismissed Plaintiff's appeal for lack of jurisdiction. Doc. 107. On November 22, 2016, the Court of Appeals denied Plaintiff's motion for reconsideration. Doc. 113.

Against this backdrop,[3] the undersigned considers whether this court should dismiss Plaintiff's complaint.

## II. DISCUSSION

Defendants have moved the court to dismiss Plaintiff's complaint pursuant to, *inter alia*, Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addition, a district court possesses the authority to order dismissal of a complaint, *sua sponte*, due to a plaintiff's "failure to obey a court order or a federal rule," *see* Fed. R. Civ. P. 41(b), as well as pursuant

---

[3] Even this summary of the procedural developments in this case does not tell the full story of Plaintiff's efforts related to this litigation. Plaintiff has at least twice attempted to remove criminal proceedings concerning his alleged unlicensed homebuilding from the state courts in Elmore County, Alabama, to this court. *See State of Alabama v. Thomason*, No. 2:15-cv-327-WKW-WC, and *State of Alabama v. Thomason*, No. 2:16-cv-417-WKW-SRW. In the earlier attempt to remove, the District Judge entered an Order (Doc. 5) finding that Plaintiff had failed to comply with procedural requirements for removing a state criminal action to federal court, and therefore remanded the matter back to the state court. The District Judge subsequently denied Plaintiff's motion to amend his notice of removal (*see* Doc. 7) and denied Plaintiff's motion to stay the state criminal proceedings (*see* Doc. 9).

In the later-filed attempt at removal, the District Judge again entered an Order (16-cv-417, Doc. 6) summarily remanding the matter back to the state court due to Plaintiff's failure to timely file the notice of removal and because the case did not fit within the narrow statutory grounds for removing a state court criminal action to federal court. Order (Doc. 6), *State of Alabama v. Thomason*, No. 2:16-cv-417-WKW-SRW. Plaintiff's appeal of the District Judge's Order was dismissed for his lack of prosecution but has since been reinstated and remains pending at this time. *See id.,* docs. 16, 17.

to the court's "inherent authority to control its docket and ensure the prompt resolution of lawsuits, which in some circumstances includes the power to dismiss a complaint for failure to comply" with the Federal Rules' directives regarding the proper pleading of a complaint. *Weiland v. Palm Beach Sheriff's Office*, 792 F.3d 1313, 1319-20 (11th Cir. 2015). The undersigned finds that any of these independent bases justify dismissal of Plaintiff's complaint, and will below set forth the relevant principles guiding that determination.

      **A.**     **Rule 41(b) Dismissal.**

Rule 41(b) of the Federal Rules reads, in relevant part, as follows: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Although Rule 41(b) speaks of a "defendant" who "move[s]" the court to dismiss, the Eleventh Circuit Court of Appeals has "held that the district court may *sua sponte* dismiss a case under Rule 41(b)." *Brutus v. Internal Revenue Serv.*, 393 F. App'x 682, 683 (11th Cir. 2010) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In order to enter such a *sua sponte* dismissal, the district court must find "'both a clear record of willful conduct and a finding that lesser sanctions are inadequate.'" *Id.* at 684 (quoting *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006)). *See also Weiland*, 792 F.3d at 1320 (citing *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)). When a court has apprized a plaintiff of fatal deficiencies with the plaintiff's complaint and afforded instructions and an opportunity to cure those deficiencies with an amended complaint, but yet the "plaintiff fails to make meaningful modifications to [his] complaint, a district court may dismiss the case under

14

the authority of either Rule 41(b) or the court's inherent power to manage its docket." *Weiland*, 792 F.3d at 1321 n.10 (citing *Betty K. Agencies*, 432 F.3d at 1337)).

In this case, as set forth above, three judges, in both written orders and in two separate live hearings with Plaintiff, advised Plaintiff that the amended complaint (Doc. 19) he filed on April 15, 2015, does not comply with the Federal Rules of Civil Procedure. The undersigned Magistrate Judge further ordered Plaintiff to file another amended complaint that "complies with Rule 8(a) and . . . eliminates those allegations which are irrelevant or extraneous to Plaintiff's claims and otherwise comports with the previous Orders of the court (*see* Docs. 23 & 39), which have substantially limited the claims Plaintiff may present and the Defendants he may sue in this action." Order (Doc. 72) at 2. As set forth in the undersigned's Order (Doc. 85) of May 12, 2016, Plaintiff openly disobeyed the court's Order when he filed a complaint that sued several individuals Judge Moorer and Judge Watkins had already determined Plaintiff could not sue, and raised claims based on factual allegations that Judge Moorer and Judge Watkins had already determined were beyond the applicable statute of limitations. *See* Doc. 85 at 3-5. The record thus plainly reflects willful conduct on the part of Plaintiff in disregarding the court's orders.

The undersigned further finds that a sanction less than dismissal of this action is inadequate. Although the undersigned denied Plaintiff leave to submit the amended complaint late because of Plaintiff's noncompliance, to the extent that may be viewed as a sanction for purposes of the Rule 41(b) analysis, such sanction is inadequate. This is so because, in the absence of the properly-pled amended complaint contemplated by the

15

court's previous Orders, the court is left only with the grossly insufficient amended complaint filed by Plaintiff on April 15, 2015, a pleading which—as will be set forth below—is itself subject to dismissal pursuant to the court's inherent authority. Notably, Plaintiff has not attempted or requested leave to file a complaint that complies with the court's previous Orders in the months since the undersigned denied him leave to file his non-compliant amended complaint late. There is no sanction short of dismissal that will adequately address Plaintiff's refusal to comply with the court's Orders.

In short, the record in this case reflects *Weiland*'s paradigmatic example of when dismissal under Rule 41(b) is appropriate. That is, where the court has taken great pains to advise a plaintiff of his complaint's deficiencies and afforded opportunities to correct those deficiencies, and "[w]here a plaintiff fails to make meaningful modifications to [his] complaint, a district court may dismiss the case under the authority of Rule 41(b)[.]" 792 F.3d at 1321 n.10. Because Plaintiff failed to meaningfully modify his complaint to remedy the deficiencies addressed by the court's prior Orders, this matter is due to be dismissed pursuant to Rule 41(b).

      **B.**      **Dismissal pursuant to inherent authority under Rules 8(a) and 10(b).**

As noted above, in addition to its authority under Rule 41(b), as an incident to its "inherent authority to control its docket and ensure the prompt resolution of lawsuits," the court may *sua sponte* dismiss an action "for failure to comply with Rule 8(a)(2) and Rule 10(b)." *Weiland*, 792 F.3d at 1320. Rule 8(a)(2) is the foundational Rule establishing a plaintiff's burden at the pleading stage. The Rule instructs that, in order to state a claim for relief, the complaint must contain "a short and plain statement of the claim showing

16

that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Rule 10 governs the "Form of Pleadings" and instructs, in relevant part, that a plaintiff "must state" his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  These rules are used in tandem by reviewing courts to assess the sufficiency and clarity of pleadings.

The Eleventh Circuit has observed that "[c]omplaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*, 792 F.3d at 1320.  Although the Court of Appeals has recognized at least four loosely distinguished classes of "shotgun pleadings," *id.* at 1321-23, the "unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*  A district court may dismiss a "shotgun pleading" pursuant to its "inherent authority to control its docket and ensure the prompt resolution of lawsuits[.]" *Id.* at 1320.  *See, e.g., Lacroix v. W. Dist. of KY,* 627 F. App'x 816, 818-19 (11th Cir. 2015) (affirming district court's *sua sponte* dismissal of "classic shotgun pleading" because it did not comply with Rules 8(a)(2) and 10(b)); *Meduty v. Ga. Dep't of Admin. Servs.*, 614 F. App'x 401, 402-03 (11th Cir. 2015) (same).

Here, as set forth above, the operative complaint before the court—Plaintiff's amended complaint filed on April 15, 2015—is, even if those parts for which Judge Moorer specifically denied leave to amend are excised, a prototypical "shotgun pleading."  The amended complaint is excessively long, weighted with irrelevant and confusing analogies and unnecessary legal argument, fails to present simple, cogent factual allegations

17

sufficient to put Defendants on notice of the specific claims against them, and confusingly references or incorporates, in some cases, up to hundreds of prior paragraphs and sub-paragraphs in stating the "Counts" of the complaint. In addition, for the reasons discussed above, the record in this case supports the findings that Plaintiff has willfully failed to correct the deficiencies in his amended complaint and that no sanction less than dismissal is adequate. Accordingly, the amended complaint (Doc. 19) is due to be dismissed pursuant to the court's inherent power to manage its docket.

      **C.**     **Dismissal pursuant to Rule 12(b)(6).**

All of the motions to dismiss which Defendants request leave to renew seek dismissal pursuant to Rule 12(b)(6) for Plaintiff's failure to state any claim upon which relief could be granted. *See* Doc. 10 at 40-43 (incorporated by reference in Docs. 18, 35, 37, and 38). Defendants specifically argue that Plaintiff's amended complaint does not meet "the standards for pleading pursuant to Rule 8[,]" or the "standard for form of pleadings set forth in Rule 10." Doc. 10 at 42-43.

The Court of Appeals has specifically instructed that a "defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to 12(e) on the ground that the complaint provides it with insufficient notice to enable it to file an answer." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014). As set forth above, there is nothing "short and plain" about any statement of a claim that can be divined from Plaintiff's amended complaint. It is therefore a "shotgun pleading" in the sense that Defendants are largely unable to discern which of Plaintiff's claims are lodged against them and are

therefore unable to intelligibly answer or otherwise respond to the amended complaint. Defendants heeded the directive of the Court of Appeals by requesting dismissal pursuant to Rule 12(b)(6) or, alternatively, a court order requiring Plaintiff to file a more definite statement of his claims pursuant to Rule 12(e).  *See* Doc. 10 at 53-56; Doc. 35 at 4; Doc. 37 at 9; and Doc. 38 at 7.  When Plaintiff failed to comply with the court's Order to file a more definite statement of his claims, Defendants sought leave to renew their motions to dismiss due to Plaintiff's failure to state a claim upon which relief could be granted.  For the reasons set forth in this Recommendation respecting Plaintiff's failure to comply with the pleading requirements of the Federal Rules, Defendants' motion to renew and the renewed motions to dismiss are due to be granted pursuant to Rule 12(b)(6).

### III.   CONCLUSION

For all of the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS as follows:

    a.    that Plaintiff's amended complaint (Doc. 19) be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure; or

    b.    that Plaintiff's amended complaint (Doc. 19) be dismissed, with prejudice, pursuant to the court's inherent authority to manage its docket due to Plaintiff's failure to comply with the pleading requirements of the Federal Rules of Civil Procedure; or

    c.    that Defendants' Motion to Renew Motions to Dismiss (Doc. 89) be GRANTED, and that Defendants' Motions to Dismiss (Docs. 10, 18, 35, 37, and 38) be GRANTED and this matter be DISMISSED with prejudice due to Plaintiff's failure to state any claim upon which relief could be granted; and

   d.  that Plaintiff's "Motion for Injunction under 42 U.S.C. § 1983 Statutory to Enjoin Bad Faith Enforcement of Unconstitutional State Statues [sic] Proceeding Pending in Elmore County" (Doc. 83) be DENIED as moot due to the dismissal of Plaintiff's suit.

  It is further

  ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 20, 2017**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

  Done this 7th day of March, 2017.

            /s/ Wallace Capel, Jr.
            CHIEF UNITED STATES MAGISTRATE JUDGE