STEVEN CLAYTON THOMASON,　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　CASE NO. 2:15-CV-026-WKW
　　　　　　　　　　　　　　　　)
STATE OF ALABAMA HOME　　　　)
BUILDERS LICENSURE BOARD, *et al.*,　)
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　)

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's motion to vacate the judgment, which contains motions to vacate pursuant to Rules 59(e), 60(b)(3), and 60(d)(3) of the Federal Rules of Civil Procedure. (Doc. # 122.) Plaintiff moves to vacate the judgment on grounds that the judgment was the result of fraud by the other party and on grounds that the judgment is due to be set aside for fraud on the court. Fed R. Civ. P. 60(b)(3), (d)(3).

For a judgment to be set aside under Fed. R. Civ. P. 60(b)(3) on grounds of fraud, the moving party must demonstrate that the opposing party's fraudulent conduct prevented him from presenting his case. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003); *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000). Whether or not Plaintiff's allegations of

Defendants' fraud are true,[1] Plaintiff's own conduct was the reason he was prevented from presenting this case on the merits. Specifically, as detailed in the March 7, 2017 Report and Recommendation of the Magistrate Judge (Doc. # 114) and in the March 24, 2017 Memorandum Opinion and Order adopting the Recommendation (Doc. # 120), Plaintiff's complaint was dismissed because, despite numerous opportunities to comply with orders to file a complaint that meets the requirements of Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, Plaintiff has consistently demonstrated that he is unable and unwilling to comply with the court's orders[2] or the Federal Rules of Civil Procedure. Therefore, the court finds that Plaintiff failed to demonstrate Defendants' alleged fraud caused him to be unable to present his case, and Plaintiff's motion under Rule 60(b)(3) is due to be denied.

Rule 60(d)(3) provides a narrower basis for overturning a judgment for fraud upon the court than Rule 60(b)(3). To overturn a judgment for fraud upon the

---

[1] The court makes no finding as to the veracity of Plaintiff's allegations of fraud.

[2] Plaintiff's motion to vacate (Doc. # 122), which includes a brief and is 54 pages in length excluding attachments, is itself in violation of the Magistrate Judge's July 2, 2015 Order, which provided that, due to Plaintiff's propensity to file unnecessarily long briefs, Plaintiff is required to seek leave of court before filing a brief over 25 pages in length. (Doc. # 23 at 12-13.) Plaintiff has been reminded of the briefing limitation in other instances and is aware of the content of the July 2, 2015 Order. Notably, Plaintiff attached a copy of the July 2, 2015 Order to his motion to vacate in its entirety, except for the last page of the Order, which, incidentally, is the page of the Order containing the briefing limitation. (Doc. # 122-1 at 4-16.) Further, it does not appear that Plaintiff even attempted to limit the length of his motion to vacate, as numerous paragraphs in the motion are duplicates of one another.

court under Rule 60(d)(3), the moving party must show that the opposing party's fraud subverted the integrity of the court to the extent that the fraud prevented the court from exercising impartial judgment. *R.C. ex rel. Alabama Disabilities Advocacy Program v. Nachman*, 969 F. Supp. 682, 690 (M.D. Ala. 1997), *aff'd sub nom. R.C. v. Nachman*, 145 F.3d 363 (11th Cir. 1998); 11 Charles Alan Wright, *et al.*, *Federal Practice and Procedure* § 2870 (3d ed. 2017). Although Plaintiff alleges that Defendants' fraud affected the judgment of *other* courts, Plaintiff is unable to demonstrate that the judgment in this case was affected, much less compromised, by the alleged fraud. The judgment in this case was based solely on Plaintiff's inability to comply with court orders and the Federal Rules of Civil Procedure, and Defendants' alleged fraud had no bearing on the dismissal of the case. Further, reinstating the case on the basis of Plaintiff's allegations that the final judgment and/or interim orders were affected by Defendants' fraud would be a fruitless exercise because Plaintiff is unable and unwilling to comply with court orders and to file an adequate complaint as would be necessary for the case to proceed after reinstatement. Accordingly, Plaintiff's motion under Rule 60(d)(3) is due to be denied.

Finally, Plaintiff cites Rule 59(e) as the basis for his motion to vacate. "'The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.'" *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir.

2007) (quoting *In re Kellogg*, 197 F.3d 116, 119 (11th Cir. 1999)) (alteration in original). Plaintiff does not cite newly discovered evidence or manifest errors of law or fact in the judgment dismissing this case. Moreover, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id*. The arguments raised in Plaintiff's motion to vacate either were not presented to the court prior to entry of the judgment despite numerous opportunities to do so, or were considered and rejected by the court. Therefore, Plaintiff's motion under Rule 59(e) is due to be denied.

Accordingly, it is ORDERED as follows:

1. Plaintiff's motion to vacate the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. # 122) is DENIED.

2. Plaintiff's motion to vacate the judgment pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure (Doc. # 122) is DENIED.

3. Plaintiff's motion to vacate the judgment pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure (Doc. # 122) is DENIED.

DONE this 24th day of April, 2017.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE